[No. B003628. Second Dist., Div. Three. Aug. 23, 1984.]

In re GREG F., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
GREG F., Defendant and Appellant.

COUNSEL

Frank O. Bell, Jr., State Public Defender, and Larry R. Pizarro, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edward T. Fogel, Jr., and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ARABIAN, J.—

### INTRODUCTION

Greg F. appeals from the order continuing wardship (Welf. & Inst. Code, § 602) entered following a finding that he committed theft by appropriation of lost property (Pen. Code, § 485). He was committed to camp for a maximum period of 14 months, consisting of 12 months on a previously sustained petition and 2 months on this matter.

CONTENTIONS

Appellant contends: "I. The court erroneously convicted appellant of petty theft as a lesser included offense. II. The trial court erred in aggregating the time to be served on a prior sustained petition with the time on the instant case because there was no section 777 petition filed, no evidence adduced regarding the effectiveness of the prior disposition and no finding that the prior disposition had been ineffective."

FACTS

On November 23, 1983, George Kennedy got off a public bus and discovered that his wallet was missing. A "couple of days later" he received a phone call from appellant, who claimed to have found the wallet in a phone booth and wanted to know whether Kennedy would pay a reward for its return. Kennedy offered $10. Appellant responded, " 'You wouldn't like to pay $20 or $25?' " Kennedy stated he would pay no more than $10, and appellant promised to contact Kennedy the next day.

Appellant was arrested on November 26, with the wallet in his possession. He initially told the arresting officer that he was holding it for a friend; he later stated that he had found the wallet in a phone booth and had already contacted the owner about returning it.

Testifying in his own behalf, appellant claimed that he found the wallet in a phone booth and called Kennedy shortly thereafter. He intended to return the wallet, but was arrested before he could do so. Appellant admitted asking if Kennedy would give him anything for the wallet, but did not recall asking for $25.

The petition alleged a violation of Penal Code section 496.[1] In arguing that the petition should not be sustained, appellant's counsel asserted that his client had not received stolen property, but rather had found it abandoned in a phone booth. Counsel urged that while such evidence might constitute a violation of Penal Code section 485, "that would not be a lesser

---

[1]The petition, in pertinent part, reads as follows: "Count 1: On or about November 26, 1983, within the County of Los Angeles, said minor did willfully and unlawfully buy, receive, conceal, sell, withhold, and aid in concealing, selling, and withholding property, to wit, Credit Cards, which had been stolen and obtained by extortion, knowing that said property had been stolen and obtained by extortion, thereby violating Section 496 of the Penal Code, a Felony."

included offense within 496.''[2] The court thereafter sustained the petition on the "lesser included offense of 485 of the Penal Code."

## DISCUSSION

██ Appellant's first contention, that he was erroneously convicted of petty theft as a lesser included offense, is meritorious. While the evidence amply supports a finding that appellant violated Penal Code section 485, that is not the offense with which he was charged. In order to uphold the finding of the trial court, this court must determine whether section 485 is necessarily included within section 496. ██ "Generally, two tests are used to determine whether in a particular case a crime is a necessarily and lesser included offense of another crime. The first test looks to the elements of the crime: if, as a matter of legal definition, the greater offense cannot be committed without concomitantly satisfying the elements of the lesser offense, the latter offense is a necessarily lesser included offense. Secondly, a crime is a necessarily lesser included offense if it is within the offense specifically charged in the accusatory pleading. [Citations.]" (*People* v. *Barrick* (1982) 33 Cal.3d 115, 133 [187 Cal.Rptr. 716, 654 P.2d 1243]; see also *In re Robert G.* (1982) 31 Cal.3d 437, 445 [182 Cal.Rptr. 644, 644 P.2d 837].)

██ Penal Code section 485 is not a necessarily included offense of section 496 under the "elements" test because one may receive stolen property without having appropriated lost property. Similarly, a review of the pleading herein discloses that section 485 was not within the offense "specifically charged in the accusatory pleading." Moreover, contrary to respondent's assertion, counsel's failure to object to the finding under section 485 after the court had rejected his argument that section 485 was not a lesser of section 496 cannot be fairly read to constitute consent to the court's finding. (Cf. *People* v. *Robert G., supra,* 31 Cal.3d at p. 445.) Accordingly, the finding that appellant violated Penal Code section 485 must be reversed. (See *People* v. *Lohbauer* (1981) 29 Cal.3d 364, 373 [173 Cal.Rptr. 453, 627 P.2d 183].)[3]

---

[2]Penal Code section 496, in pertinent part, reads as follows: "Every person who buys or receives any property which has been stolen or which has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, . . . ."

Penal Code section 485 reads as follows: "One who finds lost property under circumstances which give him knowledge of or means of inquiry as to the true owner, and who appropriates such property to his own use, or to the use of another person not entitled thereto, without first making reasonable and just efforts to find the owner and to restore the property to him, is guilty of theft."

[3]Appellant's second contention, that his confinement time was improperly aggregated because no petition was filed pursuant to Welfare and Institutions Code section 777, is rendered moot by this disposition.

### DISPOSITION

The order continuing wardship is reversed.

Klein, P. J., and Lui, J., concurred.