66 Cal.Rptr.3d 697 (2007)
155 Cal.App.4th 1246
Thea PEOPLE, Plaintiff and Respondent,
v.
Rafael CEJA, Defendant and Appellant.
No. D049566.
Court of Appeal of California, Fourth District, Division One.
October 3, 2007.
Richard De La Sota, under appointment by the Court of Appeal, Los Angeles, for Defendant and Appellant.
Edmund G. Brown Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Lynne McGinnis and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.
HUFFMAN, Acting P.J.
A jury convicted Rafael Ceja of petty theft (Pen.Code, § 484)[1] and receiving stolen property (§ 496, subd. (a)). Ceja admitted serving a prior prison term. (§ 667.5, subd. (b).) The court sentenced him to prison for three years: the two-year middle term for receiving stolen property enhanced one year for the prior prison term. It imposed, but stayed execution of, a 180-day sentence for petty theft (§ 654.) Ceja contends he cannot be convicted of theft and receiving stolen property he' obtained in the theft and his conviction of receiving stolen property must be reversed.

FACTS
At approximately 3:30 a.m. on June 18, 2006, La Mesa Police Officer Hans Warren responded to a report that two males were *698 observed acting suspiciously in a parking lot of an apartment complex. Warren saw two males who matched the description of the suspects. The male later identified as Ceja was carrying a speaker box. When Ceja saw Officer Warren, he dropped the box and ran. He was found nearby hiding under a pick-up truck. The speaker box Ceja dropped had been removed from a nearby parked vehicle.

DISCUSSION
Section 496, subdivision (a), which defines the offense commonly known as receiving stolen property, provides:
"Every person who ... receives any property that has been stolen ..., knowing the property to be so stolen ... shall be punished by imprisonment in a state prison, or in a county jail for not more than one year....
"A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property."
The People concede that Ceja was erroneously convicted of both receiving stolen property and theft of the same property. The People argue that because receiving stolen property is the greater offense, we should reverse the theft conviction and affirm the conviction of receiving stolen property. (See People v. Moran (1970) 1 Cal.3d 755, 763, 83 Cal.Rptr. 411, 463 P.2d 763 (Moran) ["If the evidence supports a verdict as to a greater offense, the conviction of that offense is controlling, and the conviction of the lesser offense must be reversed"]; People v. Cole (1982) 31 Cal.3d 568, 582, 183 Cal.Rptr. 350, 645 P.2d 1182 (Cole).) In Moran, possession of LSD was a lesser included offense of sale of LSD. In Cole grand theft was a lesser included offense of robbery. "Under California law, a lesser offense is necessarily included in a greater offense if ... the statutory elements of the greater offense ... include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (People v. Birks (1998) 19 Cal.4th 108, 117, 77 Cal.Rptr.2d 848, 960 P.2d 1073.) Although Ceja correctly points out that theft is not a lesser included offense of receiving stolen property that does not compel the result he seeks. (See In re Greg F. (1984) 159 Cal.App.3d 466, 469, 205 Cal.Rptr. 614.)
Generally, one convicted of receiving stolen property is acting as a "fence." (People v. Allen (1999) 21 Cal.4th 846, 854, 89 Cal.Rptr.2d 279, 984 P.2d 486 (Allen).) A thief could not normally be convicted of receiving the same property the thief stole. (Ibid.) In 1992, section 496 was amended for the purpose of preventing a defendant who stole property from avoiding criminal conviction for the theft by hiding the property until after the statute of limitations expired on the theft offense and thereafter retaining the property he stole without threat of criminal prosecution because a thief who continued to possess the stolen property could not be convicted of receiving the same stolen property. (Assem. Com. on Public Safety, Analysis of Assem. Bill 3326 (1991-1992 Reg. Sess.) pp. 1-2; Sen. Judiciary Com., Analysis of Assem. Bill 3326 (1991-1992 Reg. Sess.) pp. 2-3; Cal. Dept. of Finance, Analysis of Assem. Bill 3326 (April 30, 1992) p. 1; Assem. Ways & Means Com., Republican Analysis of Assem. Bill 3326 (May 6, 1992) p. 1; Cal. Youth & Adult Correctional Agency, Analysis of Assem. Bill 3326 (Aug. 19, 1992) p. 2.)
In In re Kali D. (1995) 37 Cal.App.4th 381, 386, 43 Cal.Rptr.2d 581, the court held that the legislative history of the 1992 amendment to section 496 showed the legislative *699 intent to allow a thief to be convicted of receiving the same property the thief stole, only after the statute of limitation on the theft offense had expired. People v. Reyes (1997) 52 Cal.App.4th 975, 987, 61 Cal.Rptr.2d 39 held to the contrary because it concluded the plain meaning of section 496 as amended in 1992 authorized conviction of receiving stolen property regardless of whether the statute of limitations on the theft offense had expired. In Allen, supra, 21 Cal.4th 846, 857, 89 Cal. Rptr.2d 279, 984 P.2d 486, the Supreme Court approved the Reyes conclusion.
Ceja contends the holding in Allen, supra, 21 Cal.4th 846, 89 Cal.Rptr.2d 279, 984 P.2d 486, compels the conclusion that the receiving stolen property conviction must be reversed because he has also been convicted of theft of the same property. Ceja refers to a sentence in the Allen opinion at page 857 in which the court says, in part, "The sentence thus authorizes a conviction for receiving stolen property even though the defendant also stole the property, provided he has not actually been convicted of the theft." Respectfully, that sentence cannot be read out of context to compel reversal of the receiving count instead of the theft count.
The court in Allen continued with the next sentence, "After the 1992 amendment, `the fact that the defendant stole the property no longer bars a conviction for receiving, concealing, or withholding the same property'. [Citation.]" (Allen, supra, 21 Cal.4th at p. 857, 89 Cal.Rptr.2d 279, 984 P.2d 486.)
We interpret the decision in Allen, supra, 21 Cal.4th 846, 89 Cal.Rptr.2d 279, 984 P.2d 486, to recognize the fundamental change in the common law brought about by the 1992 amendment. Plainly that amendment permits a person who is the thief to be convicted of receiving the same stolen property. The limitation recognized by the amendment and the court's opinion in Allen is that the person cannot be convicted of both offenses. The Allen decision does not compel a dismissal of the receiving stolen property conviction in favor of the petty theft conviction. It only recognizes the defendant can be convicted of only one charge arising from the theft and unlawful possession of the same property.
We believe that we can find guidance in resolving this issue by analogy to the principles in Moran, supra, 1 Cal.3d at pages 762-763, 83 Cal.Rptr. 411, 463 P.2d 763 and Cole, supra, 31 Cal.3d at page 582, 183 Cal.Rptr. 350, 645 P.2d 1182. In both cases the court held that where a person has been convicted of both the greater and lesser offense, the court must sentence on the greater offense. Both cases dealt with offenses, which involved convictions for both the greater and the lesser included offenses. From that difference Ceja argues we should not apply the principles of those cases because neither offense here is the lesser included offense of the other. Ceja continues that somehow the misdemeanor theft conviction must stand and the felony receiving conviction must fall. We disagree.
In this case petty theft was charged and convicted as a misdemeanor. The receiving charge, while a wobbler offense, was charged, convicted and sentenced as a felony. By any definition in criminal law, a felony is the "greater" offense as compared to a misdemeanor. We believe the reasoning of Moran, supra, 1 Cal.3d 755, 83 Cal.Rptr. 411, 463 P.2d 763 and Cole, supra, 31 Cal.3d 568, 183 Cal.Rptr. 350, 645 P.2d 1182, dictate the conviction of the felony offense, receiving stolen property, is the greater offense and must stand, and that the lesser offense, the misdemeanor of petty theft, must fall.

*700 DISPOSITION
The conviction of petty theft is reversed. The conviction of receiving stolen property is affirmed. The trial court is directed to modify the abstract of judgment accordingly, and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.
I CONCUR: BENKE, J.
McDONALD, J., dissenting.
I agree with the majority's concise opinion except its conclusion that Ceja's petty theft conviction rather than his receiving stolen property conviction should be reversed. The history of the issue of the defendant's conviction for receiving stolen property that the defendant stole, including the 1992 amendment to Penal Code section 496,[2] leads to the conclusion that if, as here, the defendant is convicted of the theft, he or she cannot be convicted of receiving the property stolen. I would therefore reverse Ceja's conviction of receiving stolen property.
The majority opinion recites the judicial history of the crime of receiving stolen property by the thief of the property following the 1992 amendment to section 496 and includes the relevant quotation from People v. Allen (1999) 21 Cal.4th.846 at page 857, 89 Cal.Rptr.2d 279, 984 P.2d 486 that section 496 "authorizes a conviction for receiving stolen property even though the defendant also stole the property, provided he has not actually been convicted of the theft." The plain meaning of this quotation is that because Ceja was convicted of stealing the property he possessed when apprehended, he cannot be convicted of receiving the same stolen property. However, the majority opinion posits that the following sentence in Allen at page 857[, 89 Cal.Rptr.2d 279, 984 P.2d 486] alters the meaning of the previous statement that conviction of the theft precludes conviction of receiving the stolen property: "After the 1992 amendment, `the fact that the defendant stole the property no longer bars a conviction for receiving, concealing or withholding the same property.' (People v. Strong (1994) 30 Cal.App.4th 366, 373[, 35 Cal.Rptr.2d 494].)" Unlike the majority, I do not conclude this sentence modifies or is inconsistent with the previous statement in Allen that permits conviction of receiving stolen property "`provided [the defendant] has not actually been convicted of the theft.'" (Allen, at p. 857, 89 Cal.Rptr.2d 279, 984 P.2d 486.)
The majority opinion analogizes the convictions of theft and receiving stolen property issue to the convictions of an offense and a lesser included offense, in which event the greater offense is upheld and the lesser offense dismissed. Although acknowledging that theft is not a lesser included offense of receiving stolen property, the majority opinion uses that analogy to conclude Ceja's theft, as the offense with the lesser penalty rather than receiving stolen property conviction, should be dismissed.
The lesser included offense analogy is not persuasive because its genesis is not the same as the theft-receiving stolen property issue. At common law one could not be convicted of receiving the same property stolen, not because of any prohibition of dual convictions for the same conduct, but because of the definition and nature of the receiving stolen property offense. In the lesser included offense context, there was no prohibition against conviction of the greater offense. For the reasons set forth in the majority opinion, in the 1992 amendment to section 496, the Legislature decided that the blanket unconditional *701 prohibition of a conviction of receiving the same property stolen should be conditioned to prevent the defendant from avoiding any criminal conviction by secreting the stolen property beyond the statute of limitations for theft. In Allen, the California Supreme Court interpreted section 496 to permit conviction of receiving stolen property even if the statute of limitations for the theft offense had not expired but retained a common law attribute by permitting conviction of receiving the property stolen only if there is no conviction for the theft; if there is a conviction for the theft, then there is no basis for a conviction of receiving the property stolen.
NOTES
[1] All statutory references are to the Penal Code.
[2] All statutory references are to the Penal Code.