[No. G038054. Fourth Dist., Div. Three. Oct. 31, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE MARTINEZ RECIO, Defendant and Appellant.

**COUNSEL**

Howard C. Cohen and Patrick E. DuNah, under appointments by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**IKOLA, J.**—The People charged Jesse Martinez Recio with one count of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c))[1], one count of receiving stolen property (§ 496, subd. (a)), and one count of misdemeanor battery (§ 242). The information also alleged defendant had prior felony convictions. A jury convicted defendant of petty theft (§§ 484, subd. (a), 488 [a lesser included offense of robbery]), receiving stolen property, and battery. The trial court denied defendant's motion to modify the verdict and vacate the receiving stolen property conviction; instead, the court vacated the petty theft conviction and sentenced defendant to four years in state prison for receiving stolen property.

Defendant argues he was improperly convicted of stealing and receiving the same property and, as a result, his conviction for receiving stolen property should be reversed. We agree. Accordingly, we reverse the judgment and remand to the trial court with directions to strike the conviction for receiving stolen property, to reinstate the petty theft conviction, and to conduct a new sentencing hearing.

### FACTS

On the evening of October 22, 2005, Roberto R. walked alongside his bicycle with his friend, Hector M., on Beach Boulevard in Buena Park. While Roberto and Hector waited at a stoplight to cross the street, defendant approached Roberto and demanded, "[L]et me borrow your bike." Defendant repeated this request three or four times. Each time, Roberto refused. Defendant and Roberto began to argue. Shortly thereafter, defendant hit Hector in the face and pushed Roberto to the ground. As he fell, Roberto threw his bicycle to the ground. Defendant took the bicycle without Roberto's permission and rode away. A short time later, a police officer saw defendant riding Roberto's bike and arrested him.

During closing argument, the prosecutor argued defendant was guilty of both stealing the bicycle and receiving it as stolen property. The court instructed the jury on the elements of theft (Judicial Council of Cal. Crim. Jury Instns. (2006) CALCRIM Nos. 1800, 1801) and receiving stolen property (CALCRIM No. 1750). The court, however, did not instruct the jury it could not find defendant guilty of both theft and receiving stolen property. The jury found defendant not guilty of second degree robbery and grand theft, but guilty of misdemeanor petty theft, receiving stolen property, and misdemeanor battery.

---

[1] All further statutory references are to the Penal Code.

Defendant moved to modify the verdict and vacate the receiving stolen property conviction. The People conceded the convictions for stealing and receiving the same property could not stand, but argued the remedy was for defendant to move for a new trial or for the court to vacate only the petty theft conviction. The court agreed both convictions could not stand, but adopted the People's second suggested remedy. It concluded, "[I]t is clear in this case the defendant was convicted of receiving the same property that he was also convicted of stealing. This is not one of those cases where there's enough time separating the two [acts] that there is some sort of contention that it might have been different property or different acts." The court determined the appropriate resolution was to strike the petty theft conviction and sentence defendant on the receiving stolen property conviction.

The court turned to section 496, subdivision (a) (section 496(a)), the statute which defines the offense of receiving stolen property, and explained that the statute "by it's [sic] terms says that no person may be convicted both pursuant to this section and of the theft at the same time. It does not say that no person may be convicted of receiving stolen property if he has also been convicted of the theft of [the] same property." "[T]he Legislature could have said that, but they [sic] did not." It "seems like the statute permits the court to dismiss either [the theft or receiving stolen property conviction] and it does seem to me that it ought not to be up to the party seeking to avoid the convictions to decide which of the two [convictions] the court should vacate. It seems to me that it should be up to the People."

## DISCUSSION

█ The parties agree the court erred by failing to instruct the jury it could not convict defendant of both the theft of the bicycle and receiving it as stolen property. They are correct. The common law rule is a "defendant 'may not be *convicted* of stealing and of receiving the same property.' " (*People v. Allen* (1999) 21 Cal.4th 846, 853 [89 Cal.Rptr.2d 279, 984 P.2d 486] (*Allen*); see also 2 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Crimes Against Property, § 78, p. 106.) In 1992, the Legislature codified this rule in section 496(a), which now provides in relevant part: "A principal in the actual theft of the property may be convicted [of receiving stolen property] pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property." And the California Supreme Court has clearly stated the trial court has a sua sponte duty to instruct the jury accordingly. (*People v. Garza* (2005) 35 Cal.4th 866, 881 [28 Cal.Rptr.3d 335, 111 P.3d 310] (*Garza*).)

Although the parties agree on the court's error, they differ on the appropriate remedy. Defendant argues the court's failure to properly instruct the jury

requires this court to reverse his receiving stolen property conviction. The People, however, contend "the appropriate remedy . . . is for the conviction of the lesser offense of petty theft to be reversed." Defendant is correct.

Though not cited by either party, *People v. Stewart* (1986) 185 Cal.App.3d 197, 206–207 [229 Cal.Rptr. 445] (*Stewart*), overruled on another ground in *Allen, supra,* 21 Cal.4th at page 866, is instructive. In *Stewart,* a jury convicted the defendant of multiple counts of burglary and receiving stolen property. (*Stewart,* at pp. 202–203.) The appellate court reversed the receiving stolen property convictions. Explaining that "section 496 simply does not apply to the thief who stole the property in question" (*id.* at p. 205), the court held "in the absence of an instruction on the question, it is the conviction for [the] theft or a theft-related offense which has the preclusive effect and not vice versa." (*Id.* at p. 207.)

Several other courts have reached the same result under similar circumstances. (See, e.g., *People v. Smith* (2007) 40 Cal.4th 483, 522 [54 Cal.Rptr.3d 245, 150 P.3d 1224] (*Smith*) [trial court should have dismissed defendant's conviction for receiving stolen property where he was convicted of stealing murder victim's gun and of receiving it as stolen property]; *People v. Stephens* (1990) 218 Cal.App.3d 575, 586–587 [267 Cal.Rptr. 66] [where defendant is convicted of stealing and receiving the same property, the "appropriate remedy" is to "reverse only . . . the conviction for receiving stolen property"].)[2]

■ The People cite *People v. Black* (1990) 222 Cal.App.3d 523, 525 [271 Cal.Rptr. 771] for the proposition that " '[f]or the sake of judicial economy' reviewing courts faced with the problem of dual convictions based upon the same act 'have reversed the conviction of a lesser offense and let the conviction of a greater offense stand.' " Although this argument has some superficial appeal, the *Stewart* court disagreed with that rationale, holding "it is irrelevant which is the lesser and which the greater offense. . . . [I]t is the theft or theft-related offense which has the preclusive effect. Thus, if the defendant is found to be the thief he cannot be convicted of receiving the same property, and where he is so convicted it is the receiving conviction which is improper. For this reason it is *always* the receiving conviction which cannot stand, regardless whether it is the lesser or the greater offense." (*Stewart, supra,* 185 Cal.App.3d at p. 209, italics added.)

The California Supreme Court's analysis of section 496(a) after it was amended in 1992 (the 1992 amendment) demonstrates the continued viability

---

[2] See also *United States v. Gaddis* (1976) 424 U.S. 544, 547–549 [47 L.Ed.2d 222, 96 S.Ct. 1023] [applying federal law, defendant could not be convicted of both robbing a bank and receiving or possessing the proceeds of that robbery; the proper remedy for the error was to vacate the conviction for receiving or possessing the robbery proceeds].

of the *Stewart* rule. (*Allen, supra,* 21 Cal.4th at p. 857.) In *Allen,* the Supreme Court reviewed the history of "the common law rule that a person may not be convicted of both stealing and receiving the same property, as well as [the] 1992 amendment to section 496." (*Id.* at p. 850.) The 1992 amendment added the following two sentences: " 'A principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property.' " (*Id.* at p. 857.) The Supreme Court explained that "the second sentence of the 1992 amendment codifies the 'narrow' application of the common law rule invoked in [*People v.*] *Jaramillo* [(1976)] 16 Cal.3d 752, 757 [129 Cal.Rptr. 306, 548 P.2d 706]." (*Id.* at p. 857.) The "narrow" application "invoked in *Jaramillo*" prohibited dual *convictions* for stealing and receiving the same property. (*Jaramillo,* at p. 759.) And *Jaramillo* made clear that where a defendant is convicted of theft "a second conviction based on a further finding that the defendant received that same stolen property is *foreclosed.*" (*Ibid.,* italics added.)

The *Allen* court then turned to the first sentence of the 1992 amendment and further explained that some courts had adopted a broader application of the common law rule, prohibiting a conviction for receiving stolen property where the evidence merely *implicated* the defendant in the theft of the same property even though the defendant had not suffered a conviction for the theft. (*Allen, supra,* 21 Cal.4th at p. 853.) This broader application of the common law rule had led to problems, including "a series of cases [in which] the defendant [had] stretched the rule to its limit by contending that it meant he could not be convicted of receiving stolen property unless the prosecution affirmatively proved, as an element of that crime, that he did *not* also steal the property." (*Ibid.*) Although the courts ultimately disagreed with that extreme position, there nevertheless were "many cases [where] there was at least *some* evidence—or a plausible inference—that the defendant had been involved to some degree in the theft of the property he was convicted of receiving. Rather than grappling with the elusive question of *how much* evidence of theft would trigger the bar of the common law rule, the courts responded by drawing distinctions among the specific acts prohibited by section 496." (*Id.* at pp. 853–854.)

The *Allen* court then reviewed a series of cases that demonstrated the difficulties encountered by the courts in applying the "broad" formulation of the common law rule. (*Allen, supra,* 21 Cal.4th at pp. 854–857.) After its review of California's troubled history interpreting the common law rule, the high court held the first sentence of the 1992 amendment "effectively abrogates" the " 'broad' application of the common law rule." (*Id.* at pp. 856–857.) "The [first] sentence thus authorizes a conviction for receiving stolen property *even though the defendant also stole the property,* provided he has not actually been convicted of the theft. After the 1992 amendment, 'the

fact that the defendant stole the property no longer bars a conviction for receiving, concealing or withholding the same property.' [Citation.] Indeed, evidence that the defendant is the thief cannot be exculpatory regardless of its strength: before the amendment . . . we said he may be convicted of receiving although the evidence 'strongly suggests' he is the thief [citation]; after the amendment, the evidence of that fact may even rise to the level of proof beyond a reasonable doubt." (*Id.* at p. 857.)

But the *Allen* court's proviso ("provided he has not actually been convicted of the theft") in its interpretation of the first sentence of the 1992 amendment is telling. The court's use of the word "provided" unmistakably means the thief may be convicted of receiving the property he stole "on condition that" he has *not* been convicted of theft. (Merriam-Webster's Collegiate Dict. (10th ed. 2001) p. 937 [defining "provided"].) Conversely, if the thief has been convicted of the theft, he may *not* be convicted of receiving the property he stole. As forcefully stated in *People v. Jaramillo, supra*, 16 Cal.3d at page 759 (*Jaramillo*), where a defendant has been convicted of theft, "a second conviction based on a further finding that the defendant received that same stolen property is *foreclosed*." (Italics added.)

The People nevertheless argue that the 1992 amendment "allows a person to be convicted for receiving stolen property even where the person stole the property that is the basis for the receiving charge." Indeed, the People's argument is a paraphrase of the sentence in the *Allen* opinion which immediately follows the court's statement that the defendant may be convicted of receiving stolen property "provided he has not actually been convicted of the theft." (*Allen, supra*, 21 Cal.4th at p. 857.) After stating clearly that a defendant may *not* be convicted of receiving if he has "actually been convicted of the theft," the *Allen* court added, " '[T]he fact that the defendant stole the property no longer bars a conviction for receiving, concealing or withholding the same property.' " (*Ibid.*) The People's argument reads the latter sentence in isolation. In the context of the court's discussion, the sentence means only that the 1992 amendment abrogated the "broad" application of the common law rule which had precluded a receiving conviction where there was evidence the defendant stole the same property. Thus, "evidence that the defendant is the thief cannot be exculpatory regardless of its strength." (*Ibid.*) But actual *conviction* of theft forecloses a conviction for receiving the same stolen property. (*Jaramillo, supra*, 16 Cal.3d at p. 759; see also *People v. Strong* (1994) 30 Cal.App.4th 366, 373 [35 Cal.Rptr.2d 494] [a theft conviction "statutorily *would* bar a conviction for receiving or withholding the [same stolen property] under section 496"].)

More recently, in *Garza, supra*, 35 Cal.4th at page 881, the California Supreme Court again stated that where a jury convicts the defendant of a

theft crime and of receiving stolen property, reversal of the receiving stolen property conviction is required. There, the Supreme Court explained—in the context of dual convictions for unlawfully taking or driving another's vehicle and receiving stolen property—"[i]f the conviction is for the *taking* of the vehicle, with the intent to permanently deprive the owner of possession, then it is a theft conviction that *bars* a conviction of the same person under section 496(a) for receiving the same vehicle as stolen property." (*Ibid.*, second set of italics added.) Here, the jury convicted defendant of theft. Pursuant to the Supreme Court's mandate in *Jaramillo, Allen,* and *Garza,* he cannot also be convicted of receiving stolen property.

We respectfully disagree with our colleagues on the majority opinion in *People v. Ceja* (2007) 155 Cal.App.4th 1246 [66 Cal.Rptr.3d 697] (*Ceja*). There, a jury convicted the defendant of petty theft and receiving stolen property. The trial court sentenced him on the receiving stolen property charge and stayed execution of the sentence for petty theft. The *Ceja* court reversed the defendant's petty theft conviction and affirmed his conviction for receiving stolen property. The court reasoned that *Allen, supra,* 21 Cal.4th at page 853, "does not compel a dismissal of the receiving stolen property conviction in favor of the petty theft conviction. It only recognizes the defendant can be convicted of only one charge arising from the theft and unlawful possession of the same property." (*Ceja,* at p. 1250.) We disagree with this analysis, as did the author of the dissenting opinion in *Ceja.* As discussed above, the *Allen* court's use of the phrase "provided he has not actually been convicted of the theft" means only one thing: A defendant cannot be convicted of receiving stolen property if he has also been convicted of theft. (*Allen,* at p. 857.) This conclusion was reaffirmed in *Garza, supra,* 35 Cal.4th at page 881 (theft conviction "bars" conviction for receiving same property), and *Smith, supra,* 40 Cal.4th at pages 521–522 (reversing defendant's conviction for receiving the same property he stole—the murder victim's gun—and allowing petty theft conviction to stand).

Where a defendant is charged with stealing and receiving the same property, the court should instruct the jury to determine the defendant's guilt on the theft count first, and if it finds the defendant guilty of the theft, to return the receiving verdict unsigned. If the People choose, however, they may proceed solely on a receiving charge.

The court's attempt to correct the dual convictions in this case by striking the petty theft conviction constitutes prejudicial error. Defendant's conviction of petty theft bars his conviction on the receiving count.

## DISPOSITION

The judgment is reversed and remanded to the trial court with directions to strike the conviction for receiving stolen property, to reinstate the conviction for petty theft, and to conduct a new sentencing hearing.

Rylaarsdam, Acting P. J., and Aronson, J., concurred.