182 Cal.App.4th 426 (2010)
THE PEOPLE, Plaintiff and Respondent,
v.
JENNIFER McPIKE, Defendant and Appellant.
No. A122030.
Court of Appeals of California, First District, Division Five.
February 26, 2010.
CERTIFIED FOR PARTIAL PUBLICATION[*]
*428 Peter F. Goldscheider, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Stan Helfman, Christopher J. Wei and Jason Sjoberg, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
NEEDHAM, J.
Appellant Jennifer McPike appeals from a judgment placing her on felony probation after a jury convicted her of misdemeanor petty theft and a felony count of receiving stolen property. (Pen. Code, §§ 484, 496, subd. (a).)[1] We agree with her contention that both counts cannot stand because a defendant cannot be convicted of stealing and receiving the same property. We reject appellant's other claims of instructional error and ineffective assistance of counsel.

I. FACTUAL AND PROCEDURAL HISTORY

On the afternoon of August 20, 2006, Suzanne Sweeney and her husband drove from their rental house to their home in Woodside, which was being remodeled. They arrived about 3:00 p.m. and stayed inside for about 45 minutes, after which they returned to their car and discovered that mail addressed to neighboring houses had been scattered on the ground. After they delivered the mail to their neighbors, Sweeney noticed that her purse and cell phone were missing. The purse was worth about $1,200. Sweeney and her husband returned quickly to their rental house, where she telephoned the sheriff to report the missing purse and cell phone and notified her credit card companies that cards inside the purse had been stolen.
On that same afternoon, appellant and her friend Jessica Quiroz Mason visited three stores in San Bruno and made various purchases using Sweeney's credit cards. Mason was driving her boyfriend's car. They first entered CompUSA, where Mason purchased a DVD player and a wireless *429 keyboard using one of Sweeney's credit cards and signing the credit card receipt with Sweeney's name. According to the credit card receipt, the time of that purchase was 3:52 p.m. Appellant was standing a few feet away when Mason signed the receipt.
Appellant and Mason then went to a nearby Marshall's store, where they used two of Sweeney's credit cards to purchase various items in two separate transactions. The clerk recalled that each of them signed one of the two credit card receipts, although the signatures on both receipts were similar. Those transactions took place about 4:14 p.m.
After leaving Marshall's, appellant and Mason went to the Sears Auto Center, where they spoke to a clerk about purchasing tires for a person who was not present. Appellant called someone on a cell phone to discuss the purchase and directed Mason to pay for the tires. Appellant and Mason then returned to the car and drove to the rear of the store to pick up the tires. One of the auto center technicians noticed them circling the parking lot in the car and saw appellant get out and pick up an object from the ground.
Meanwhile, Officer Johansen of the San Bruno Police Department arrived at Sears in response to a report that someone had just made a purchase using one of Sweeney's credit cards. The clerk who had assisted appellant and Mason looked to the back of the parking lot and pointed out the car that Mason was driving. He later identified appellant and Mason as the women who had purchased the tires from him.
Officer Johansen detained appellant and Mason, who denied that they had been inside the store. He discovered Sweeney's purse on the backseat of the car with Sweeney's driver's license inside. A wallet belonging to Sweeney was discovered under the driver's seat and another wallet was found near a dumpster in the parking lot. Johansen searched appellant and discovered Sweeney's cell phone in her pants pocket; appellant claimed that she did not know who owned the phone. Keys, including one to Sweeney's car, were found on the passenger seat where appellant had been sitting. Billing records for Sweeney's cell phone later showed that it had been used to make a number of calls to numbers that Sweeney did not recognize between 2:59 p.m. and 4:20 p.m. on the day her purse was taken.
Appellant was charged by information with grand theft (§ 487), receiving stolen property (§ 496, subd. (a)), theft of an access card (§ 484e, subd. (d)), forgery (§ 470, subd. (a)) and three counts of second degree burglary (§§ 459, 460, subd. (b)). The case proceeded to trial, where both appellant and Mason testified. Mason had by that time pled guilty to the crimes with which appellant was charged.
*430 According to Mason, she had taken Sweeney's purse after finding it at a bus stop in South San Francisco. Inside the purse were the credit cards. She picked up appellant in her boyfriend's car to go shopping, using the credit cards to pay for various items at CompUSA and Marshall's. She bought some things for appellant at Marshall's. She bought the tires for a third person that appellant knew with the understanding that appellant would pay her less than their face value. Mason did not believe appellant was guilty of any of the offenses.
Appellant testified that she had known Mason for about seven months and had asked her for a ride to Target to buy some diapers. They visited CompUSA and Marshall's, where Mason made various credit card purchases. Mason bought some sandals and shoes for appellant at Marshall's, with the understanding that appellant would repay her. They went to Sears to purchase a new tire for appellant's roommate, though the roommate's car only needed one tire and appellant was only going to pay Mason for one tire. While in the store, appellant used a cell phone handed to her by Mason to call her roommate and get information about the type of tire she needed.
Appellant recalled that after Mason purchased the tires and they left the store to pick them up in the back, Mason threw a wallet out the window. Appellant got out to pick it up and Mason asked her to get rid of it. Appellant placed it on the ground. It was only then that appellant began to suspect the credit cards did not belong to Mason. She did not know about the purse on Mason's backseat and denied that Sweeney's cell phone was discovered in her own pants pocket. Appellant also denied knowing that Sweeney's keys were on the passenger seat.
The jury convicted appellant of receiving stolen property and misdemeanor petty theft as a lesser included offense of grand theft. It returned verdicts of not guilty on the forgery count and the two second degree burglary counts naming Marshall's and CompUSA as victims. The jury was unable to reach a verdict on the charges of theft of an access card and the remaining burglary count naming Sears as a victim. Appellant was placed on three years felony probation after the trial court declined to dismiss the receiving stolen property count as incompatible with the theft conviction.

II. DISCUSSION

A. Dual Conviction of Petty Theft and Receiving Stolen Property

(1) Section 496, subdivision (a) describes several types of conduct constituting the offense known as receiving stolen property, "Every person who buys or receives any property that has been stolen or that has been obtained *431 in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a state prison, or in a county jail for not more than one year." It is well established that, subject to exceptions not relevant here, a defendant may not be convicted of stealing and receiving the same property. (People v. Allen (1999) 21 Cal.4th 846, 853 [89 Cal.Rptr.2d 279, 984 P.2d 486] (Allen); People v. Garza (2005) 35 Cal.4th 866, 874-875 [28 Cal.Rptr.3d 335, 111 P.3d 310] (Garza); People v. Jaramillo (1976) 16 Cal.3d 752, 757 [129 Cal.Rptr. 306, 548 P.2d 706].)
Appellant argues that her felony conviction for receiving stolen property must be reversed because she was also convicted of stealing that same property. The People respond that dual convictions are appropriate because the petty theft and receiving counts were based on different items of property. We agree with appellant that she cannot stand convicted of both counts.
(2) Contrary to the district attorney's argument, the record establishes that appellant's convictions arose from the theft and receipt of same property. The evidence showed that Sweeney's cell phone, her purse and its contents were taken from her at the same time, and that all of these items were recovered in or near the car driven by Mason when appellant and Mason were stopped by Officer Johansen. The district attorney stated during closing argument that all of the charges against appellant were based on a theory that she had aided and abetted Mason, and the jury was instructed with CALCRIM Nos. 400 and 401 on aiding and abetting. No effort was made in the information, the instructions, or the district attorney's closing argument to differentiate the property underlying the theft and receiving counts.
The People note that the jury rejected the greater charge of grand theft, which requires the taking of property worth more than $400, and instead convicted appellant of petty theft, which is committed when the property taken is valued at $400 or less. (See §§ 487, subd. (a), 488.) They argue that because Sweeney testified without contradiction that her purse had a value of about $1.200, the jury's rejection of grand theft showed that it had convicted appellant of stealing the cell phone that was discovered on her person, but not the purse itself. The People then posit that the conviction of receiving stolen property was based on appellant's concealment of other items of stolen property found in and near the car Mason was driving.
We are not persuaded by this interpretation of the verdict, which would have required jurors to conclude that appellant aided and abetted Mason in the theft of the cell phone but not the theft of the purse that was taken at the *432 very same time. Even if the conviction for petty rather than grand theft amounted to a determination that the only property underlying that count was the cell phone discovered on appellant's person, the People do not satisfactorily explain why we should assume the conviction for receiving stolen property was based solely on other items of stolen property. It seems just as likely the jury found appellant guilty of receiving the stolen cell phone that the People claim was the basis for the theft count. Judgment should not have been imposed on both counts.
(3) Having concluded that appellant cannot stand convicted of both theft and receiving, we consider the appropriate remedy. In cases involving improper dual convictions of greater and lesser included offenses, it is customary to reverse the conviction of the lesser offense and allow the greater to stand. (People v. Cole (1982) 31 Cal.3d 568, 582 [183 Cal.Rptr. 350, 645 P.2d 1182]; People v. Moran (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763].) While neither theft nor receiving stolen property is a lesser included offense of the other (see In re Greg F. (1984) 159 Cal.App.3d 466, 469 [205 Cal.Rptr. 614]), the People urge us to follow this practice by reversing appellant's lesser conviction of misdemeanor petty theft and affirming the greater felony conviction of receiving stolen property.
Appellant contends that in the case of dual convictions for theft and receiving stolen property, it is the receiving count that must be reversed, even when that count carries a greater penalty than the theft conviction. She cites People v. Stewart (1986) 185 Cal.App.3d 197, 209 [229 Cal.Rptr. 445] (Stewart), in which the court concluded that in cases of dual convictions, the appellate court should reverse the receiving stolen property count: "[I]t is irrelevant which is the lesser and which the greater offense. As we have noted, theft or theft-related offenses and receiving stolen property are not mutually exclusive offenses; it is the theft or theft-related offense which has the preclusive effect. Thus, if the defendant is found to be the thief he cannot be convicted of receiving the same property, and where he is so convicted it is the receiving conviction which is improper. For this reason it is always the receiving conviction which cannot stand, regardless whether it is the lesser or the greater offense."[2]
We are unconvinced that this aspect of Stewart remains good law. When Stewart was decided in 1986, the rule prohibiting dual convictions of theft and receiving stolen property arose from common law rather than section 496, the statute defining the offense of receiving stolen property. (Garza, *433 supra, 35 Cal.4th at p. 875.) In its broadest form, this common law rule declared that "`one cannot be both thief and receiver of the same stolen property . . .,'" and was construed to mean that a defendant could not be convicted of receiving stolen property when he or she was also the thief, even when there was no corresponding theft conviction. (Allen, supra, 21 Cal.4th at p. 853.) Though other cases had interpreted the rule more narrowly, to forbid only dual convictions of theft and receiving stolen property (ibid.), the court in Stewart adhered to the broad version of the rule, concluding that "section 496 simply does not apply to the thief who stole the property in question." (Stewart, supra, 185 Cal.App.3d at p. 205; see Allen at p. 854, fn. 4.) Having taken this broad view that a thief cannot be guilty of receiving stolen property, it is not surprising that the court in Stewart determined that in cases of dual convictions, the receiving count must be reversed.
In 1992, however, the Legislature rejected the broad version of the common law rule when it added the following two sentences to section 496, subdivision (a): "A principal in the actual theft of the property may be convicted of [receiving stolen property] pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property." (Stats. 1992, ch. 1146, § 1, p. 5374; see Allen, supra, 21 Cal.4th at p. 857.) Although the amendment was primarily intended to "provide for the prosecution of principals in the actual theft of the property who continue to possess that property after the statute of limitations has run on the theft of the property" (Stats. 1992, ch. 1146, § 2, p. 5375), its plain language allows the thief to be convicted of receiving stolen property so long as there is no conviction for theft of the same property. (Garza, supra, 35 Cal.4th at p. 875; Allen, supra, 21 Cal.4th at p. 857.)
(4) Section 496 thus allows the person who has stolen the property to be convicted of receiving, withholding, or concealing that same property so long as he or she is not also convicted of the theft. It expresses no preference as to which count should be reversed on appeal when there have been dual convictions of theft and receiving. Assuming that substantial evidence supports each conviction, we can think of no practical or policy reason to deny the effect of the jury's verdict on the greater of the two offenses, which in this case is the receiving count. A defendant may not stand convicted "both pursuant to [section 496] and of the theft of the same property." (§ 496, subd. (a).) If we reverse appellant's conviction for petty theft and affirm her conviction for receiving stolen property, she will no longer be convicted "of the theft of the same property."
We respectfully disagree with the decision in People v. Recio (2007) 156 Cal.App.4th 719, 723 [67 Cal.Rptr.3d 600] (Recio), which held that notwithstanding the 1992 amendment to section 496, it is always the receiving count *434 that must be reversed in a case involving dual convictions. In reaching this conclusion, Recio relied heavily upon language in our Supreme Court's decision in Allen, which described the 1992 amendment to section 496 as "`authoriz[ing] a conviction for receiving stolen property even though the defendant also stole the property, provided he has not actually been convicted of the theft.'" (Recio, supra, 156 Cal.App.4th at p. 724, italics omitted, citing Allen, supra, 21 Cal.4th at p. 857.) The Recio court construed this language to mean that if a guilty verdict has been returned on a theft count, the defendant cannot be convicted of receiving that same propertyeven when that theft conviction is vacated by the trial court or reversed on appeal. (Recio, at p. 725; see also People v. Love (2008) 166 Cal.App.4th 1292, 1300 [83 Cal.Rptr.3d 428] [following Recio].)
(5) In our view, this reads too much into the quoted sentence. The court in Allen made the statement when discussing (and rejecting) a defense argument that a thief could be convicted of receiving stolen property only if the statute of limitations for theft had already run. (Allen, supra, 21 Cal.4th at pp. 857-858.) In this context, the observation that a thief may be convicted of receiving stolen property "provided he has not actually been convicted of the theft" (Allen, at p. 857) simply recognizes the plain language of the 1992 amendment to section 496 and the rule that a defendant may not stand convicted of both theft and receiving. Our Supreme Court has not yet addressed the appropriate appellate remedy for dual convictions of theft and receiving, and has not suggested that a defendant whose theft conviction is reversed on appeal remains "convicted" of that theft for purposes of section 496. (Allen, at pp. 857-861; see also People v. Smith (2007) 40 Cal.4th 483, 521-522 [54 Cal.Rptr.3d 245, 150 P.3d 1224] [decision in capital case reversing receiving stolen property conviction and allowing robbery conviction to stand, based on People's concession]; Garza, supra, 35 Cal.4th at p. 881 [stating that Veh. Code, § 10851 violation based on the taking of a vehicle is a theft conviction that "bars" a conviction for receiving stolen property without addressing the proper remedy when receiving is the greater offense].)[3] Opinions are not authority on a point not considered. (See People v. Johnson (2006) 145 Cal.App.4th 895, 904 [5] Cal.Rptr.3d 893].)
Casting the issue as instructional error, appellant contends she was prejudiced by the trial court's failure to instruct jurors with CALCRIM No. 3516, which would have advised them: "The defendant is charged in Count _____ with _____ insert name of alleged offense, e.g., theft> and in Count ____ with _____ insert name of alleged offense, e.g., receiving stolen property>. These are alternative charges. If you find the defendant guilty of one of these *435 charges, you must find (him/her) not guilty of the other. You cannot find the defendant guilty of both." (See also CALJIC Nos. 17.03, 17.04.) Appellant argues that if the jury had been properly instructed, it would have convicted her of theft and acquitted her of receiving. (See Garza, supra, 35 Cal.4th at p. 881 [court has sua sponte duty to instruct jury that it may not convict a defendant of theft and of receiving the same stolen property].)
Assuming such an instruction should have been given, it is not reasonably probable a jury instructed with CALCRIM No. 3516 would have convicted appellant of petty theft in lieu of receiving stolen property. The standard version of CALCRIM No. 3516 gives no guidance as to which count the jury should opt for in a case where it believes that all of the elements of both theft and receiving have been proved beyond a reasonable doubt. Thus, the jury would be "`invited to consider counts not factually inconsistent, and in such sequence as it chooses, with no more reason to convict on one rather than another except its election.'" (People v. Francis (1982) 129 Cal.App.3d 241, 249 [180 Cal.Rptr. 873] [analyzing similar instruction regarding relationship between substantive offense and accessory charge].) The evidence that appellant was involved in the initial theft was much weaker than the evidence on the receiving count and a jury presented with the option of returning a guilty verdict on only one count would not have been reasonably likely to have opted for the former charge.
Nor are we persuaded that prejudice is established because a properly instructed jury would have been advised to determine the defendant's guilt on the theft count first and to return the verdict on the receiving count unsigned if it found the defendant guilty of theft. (See Recio, supra, 156 Cal.App.4th at p. 726; United States v. Gaddis (1976) 424 U.S. 544, 550 [47 L.Ed.2d 222, 96 S.Ct. 1023] [jury should be instructed to consider federal bank robbery count first when the defendant is charged with both federal bank robbery and the receipt of such property as a nonrobber].) Because receiving stolen property is factually consistent with theft as those two offenses are defined under California law, and because section 496 specifically allows a thief to be convicted of receiving property she has stolen, there is no logical reason to give an instructional preference to the theft count, and to allow a verdict on the receiving count only in the event the jury finds the defendant not guilty of theft.[4]
*436 Although the jury was not instructed that the theft and receiving counts were mutually exclusive, it was properly instructed on the burden of proof and the elements of receiving stolen property. Our reversal of the theft count cures the harmdual convictionsthat flowed from the failure to instruct with CALCRIM No. 3516. (See People v. Laskiewicz (1986) 176 Cal.App.3d 1254, 1258 [222 Cal.Rptr. 686] [failure to instruct that defendant cannot be convicted of both robbery and being an accessory to robbery was cured by trial court's order vacating verdict on the accessory count where jury was properly instructed on elements of robbery and conviction of that count was supported by substantial evidence].)
(6) Finally, appellant suggests in her reply brief that we should reverse the conviction for receiving stolen property and affirm the petty theft conviction because it would be inequitable to punish her for a felony when the value of the property is such that its taking only amounts to misdemeanor petty theft. Petty theft (i.e., the theft of property worth less than $400 and not otherwise specified in the grand theft statute) is punishable as a misdemeanor "by [a] fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding six months, or both." (§ 490; see also §§ 484, 488.) Receiving stolen property, regardless of the property's value, is a "wobbler" offense alternatively punishable "by imprisonment in a state prison, or in a county jail," although at the time of appellant's offenses and the trial in this case, section 496 provided that "if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may, if the value of the property does not exceed four hundred dollars ($400), specify in the accusatory pleading that the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year." (Former § 496, subd. (a).)[5] (7) Fixing the penalties for crimes is the province of the Legislature, which has seen fit to set a more serious maximum punishment for receiving stolen property worth $400 or less than it has for the theft of the same property. (See People v. Mauch (2008) 163 Cal.App.4th 669, 674 [77 Cal.Rptr.3d 751].)
We will therefore reverse the petty theft conviction and affirm the conviction for receiving stolen property.
*437 II.B.-E.[*]

III. DISPOSITION

The conviction for petty theft under count 1 is reversed. The conviction for receiving stolen property under count 6, along with the remainder of the judgment, is affirmed.
Jones, P. J., and Simons, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.B.-II.E.
[1] Further statutory references are to the Penal Code unless otherwise indicated.
[2] In Stewart, supra, 185 Cal.App.3d 197, the defendant's status as a thief arose from a burglary conviction. Our Supreme Court has since held that dual convictions of burglary and receiving stolen property are permissible, disapproving Stewart to the extent it held otherwise. (Allen, supra, 21 Cal.4th at p. 866.)
[3] The issue of whether the receiving count must be stricken in any case involving dual theft/receiving convictions is currently pending before the California Supreme Court in People v. Ceja, review granted January 16, 2008, S157932.
[4] Given that the standard version of CALCRIM No. 3516 would provide the jury with no guidance as to how it should consider the alternative counts, and that the solution proposed by Recio would not reflect the current state of the law, we are not convinced that an instruction on the mutual exclusivity of theft and receiving is the best way to handle a case in which both crimes are charged and both arise from the same property. If a jury has been instructed on the elements of both counts and convicts the defendant of both, it would be a simple matter for the trial court to vacate the conviction on the count carrying the lesser penalty. Such a procedure would allow the jury to deliberate without limitation on each charged offense, but would prevent unauthorized dual convictions for theft and receiving.
[5] Effective January 25, 2010, a section 496 violation may be charged as a misdemeanor when the value of the property does not exceed $950. (Amended by Stats. 2009-2010, 3d Ex. Sess., ch. 28, § 23, eff. Jan. 25, 2010.)
[*] See footnote, ante, page 426.