Filed 7/11/14  P. v. Mendoza CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064586 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245314) |
| ALFREDO MENDOZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed.

Kleven McGann Law and Sarah Kleven McGann, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

The prosecution charged Alfredo Mendoza with one count of receiving stolen property (Pen. Code, § 496, subd. (a))[1] and one count of grand theft of personal property (§ 487, subd. (a).)  The jury could not reach a verdict on the grand theft charge, but found Mendoza guilty of the receiving stolen property charge.   Mendoza also admitted having two prior strike convictions (§§ 667, subd. (b)-(i), 1170.12) and two prior prison commitment convictions (§ 667.5, subd. (b)).

After it declined Mendoza's invitation to dismiss the prior strike convictions for sentencing purposes, the court sentenced him to an aggregate term of four years and eight months in prison.  The term consisted of sixteen months for the receiving stolen property conviction, doubled because of the prior strike convictions, plus one year for each of the prior prison commitment convictions.[2]

Mendoza appeals.  His appointed appellate counsel filed a brief requesting we independently review the record for error.  (See *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)  In addition, we granted Mendoza permission to file a brief on his own behalf. He submitted a brief posing six questions for this court's consideration.

Having reviewed the record and considered the questions posed by Mendoza, we conclude there are no reasonably arguable appellate issues and affirm the judgment.

---

[1]     Further statutory references are also to the Penal Code unless otherwise stated.

[2]     The court also sentenced him to a consecutive term of 16 months in prison for a separate case, in which he pleaded guilty to possessing a dirk or dagger.  The separate case is not at issue in this appeal.

BACKGROUND

*Trial Evidence*

*Prosecution Evidence*

On Christmas night, a biologist parked her car in her driveway and neglected to lock the door. She left several items in her car, including a checkbook, some CDs, and a backpack containing binoculars, a portable weather station, and a birding guide.

The morning after Christmas Day, John Rains saw a man trying to break into a car. The man stood on the car's running board and looked into the car. He then tried unsuccessfully to break the front window with his fist.

Rains called 911 and reported the man's activity. He described the man as a young, light-skinned African-American man. The man wore black pants and a gray hooded sweatshirt. He had a gray, black and red backpack on his back. He also had a black BMX bicycle. At trial, Rains identified Mendoza as the man.

A police officer responding to Rains' 911 call encountered Mendoza and stopped him because he matched the description Rains provided. Mendoza told the officer his ex-girlfriend was cheating on him and he was looking for her vehicle in the area. When the officer informed Mendoza that someone matching Mendoza's description was seen checking the door handles of cars, Mendoza said he might have checked a few door handles while looking for his ex-girlfriend's car.

The officer performed a consensual search of Mendoza. Mendoza did not have any burglary tools or other tools on him; however, he had a red, gray and black backpack containing binoculars, a portable weather station, a birding guide, the biologist's

3

checkbook and other items. The biologist, who lived approximately six blocks away, later identified the backpack and the items in it as hers. She did not give Mendoza or anyone else permission to take anything from her car.

*Defense Evidence*

Mendoza's ex-girlfriend testified she argued with Mendoza on Christmas Day and he left their home. She then went to a nearby bar, where she met another man whom she invited home with her to smoke methamphetamine. She did not remember the man's name or anything else about him except that he was Hispanic and carried a backpack with him. When she got home, she packed up Mendoza's belongings into a regular backpack, a rolling backpack, and a laundry bag she had in the home. With the other man's assistance, she placed Mendoza's belongings by the door. At some point Mendoza returned home. She told him she did not want him there any longer and she threw his belongings at him while he remained at the door. She did not remember whether she also threw the other man's backpack to Mendoza; however, the other man came to her home the next day asking for his backpack.

Mendoza's girlfriend never told anyone about the potential backpack mix-up until Mendoza's case was sent out for trial. Mendoza's girlfriend had two prior convictions for petty thefts. Mendoza was with her when both thefts occurred and each time she told police he had no idea she had stolen anything.

*Trial Procedures*

  *Juror Pre-Deliberation Encounter with Mendoza*

After the close of evidence and before instruction and argument, one of the jurors saw a bailiff escorting Mendoza.  Mendoza was in waist chains and handcuffs at the time.  Defense counsel opted not to question the juror or otherwise call attention to the matter because the encounter was brief and the jury already knew Mendoza was in custody because Mendoza's girlfriend had testified she had visited Mendoza in jail while he awaited trial.

  *Jury Instruction on Prohibition Against Dual Conviction*

Among the court's instructions to the jury was CALCRIM No. 3516, which informed the jury:  "The defendant is charged in Count 2 with theft and in Count 1 with receiving stolen property.  You must first decide whether the defendant is guilty of theft.  If you find the defendant guilty of theft, you must return the verdict form for receiving stolen property unsigned.  If you find the defendant not guilty of theft[,] you must then decide whether the defendant is guilty of receiving stolen property."

  *Jury Deliberations*

During its deliberations, the jury sent a note to the court asking, "If we find the defendant guilty of receiving stolen property, [d]o we need to give a verdict on theft?  [¶] We cannot come to a decision on theft?"  The court responded, "You may return a verdict for Count 1, receiving stolen property, without reaching a verdict on Count 2[,] theft."

5

DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below. Counsel presented no argument for reversal and instead requested we review the record for error as mandated by *People v. Wende*, *supra*, 25 Cal.3d at pages 441-442. To aid our review, counsel identified seven possible, but not reasonably arguable issues (see *Anders v. California* (1967) 386 U.S. 738, 744) (*Anders* issues)). These issues were: (1) Was it error for the state to pursue two alternative charges at trial? (2) Was there sufficient evidence to convict Mendoza of receiving stolen property? (3) Was Mendoza deprived of effective assistance of counsel because his trial counsel failed to have him testify on his own behalf? (4) Did the court err by instructing the jury under CALCRIM No. 3516 to consider the theft charge before considering the receipt of stolen property charge? (5) Did Mendoza possess the stolen property for a sufficient amount of time to be found guilty of receiving stolen property? (6) Was Mendoza prejudiced by the fact a juror saw him in shackles during the trial? (7) Did the court abuse its discretion by declining Mendoza's invitation to dismiss Mendoza's prior strike convictions for sentencing purposes?

Mendoza filed a brief on his own behalf posing six questions, many of which overlap the *Anders* issues identify by appellate counsel. Mendoza's questions were: (1) Was it legal to detain and arrest him? (2) Was there sufficient evidence to convict him of receiving stolen property? (3) Did Rains mislead police and the jury about a man breaking into vehicles? (4) Was it legal for the prosecutor to charge him with both receiving and stealing the same property? (5) Did the jury fully understand the jury

6

instructions? (6) Did his trial counsel provide ineffective assistance by failing to have him testify on his own behalf?

We have considered the *Anders* issues and the questions posed by counsel and conclude none of them is reasonably arguable. The prosecution was not precluded from alternatively charging theft and receiving stolen property. (See *People v. Ceja* (2010) 49 Cal.4th 1, 10.) The court did not err in giving the CALCRIM No. 3516 instruction. (*People v. Ceja*, *supra*, p. 10.) Regardless of the length of time Mendoza possessed the backpack, there was no dispute it and the items in it were stolen and there was sufficient evidence Mendoza knew they were stolen. (*People v. Boinus* (1957) 153 Cal.App.2d 618, 622.) The record does not show Mendoza was prejudiced because a juror briefly saw him in waist restraints and handcuffs. (*People v. Tuilaepa* (1992) 4 Cal.4th 569, 584-585.) The court's decision to decline Mendoza's invitation to dismiss his prior strike convictions for sentencing purposes was not "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) The record does not show Mendoza's detention and arrest were constitutionally unreasonable. (*People v. Hernandez* (2008) 45 Cal.4th 295, 299.) We do not reevaluate a witness's credibility. Resolution of conflicts and inconsistencies in witness testimony is the exclusive province of the jury. (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) The record does not show Mendoza was prejudiced by any confusion the jury may have had about any of the jury instructions. (*People v. Rivas* (2013) 214 Cal.App.4th 1410, 1429.) The ineffective assistance of counsel claim cannot be resolved on the present record.

7

(*People v. Kelly* (2006) 40 Cal.4th 106, 121, fn. 4, 126; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 267.)

As requested by counsel, we independently reviewed the record and we also did not identify any reasonably arguable issues.  Mendoza has been competently represented by counsel in this appeal.

DISPOSITION

The judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


BENKE, J.


McDONALD, J.