[No. D010378. Fourth Dist., Div. One. July 25, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
JIMMY LEE BLACK, Defendant and Appellant.

COUNSEL

Carl M. Hancock, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

BENKE, J.—A jury convicted Jimmy Lee Black of unlawfully taking or driving a vehicle without permission of the owner (Veh. Code, § 10851, subd. (a)) and receiving stolen property (Pen. Code, § 496, subd. 1.). The court sentenced him to serve the upper term of three years in prison for the Vehicle Code section 10851, subdivision (a) conviction with a stayed (Pen. Code, § 654) upper term for receiving stolen property. Black appeals.

Shortly after midnight on January 19, 1989, Thomas Mason returned home and found his Toyota pickup missing. Mason had given no one permission to drive the truck. He called the police and reported the truck stolen. At approximately 2:30 a.m. on February 8, National City police officers saw Black driving the pickup. They ran a radio check on the license. While awaiting a response, they followed Black to a laundromat where they spoke with him. The officers received information on their radio inquiry indicating the vehicle had been reported stolen. They arrested Black and discovered the Toyota's ignition punched and covered with a rag. Black testified he had borrowed the truck from a friend. After Black asked him about the punched ignition, the friend showed him a pink slip which was in the glove box.

Relying on *People* v. *Jaramillo* (1976) 16 Cal.3d 752 [129 Cal.Rptr. 306, 548 P.2d 706], Black contends both convictions must be reversed. He points out a defendant cannot be convicted of both stealing a vehicle and receiving the same vehicle as stolen property. He notes it is unclear whether the jury found he had stolen the truck when it found he had unlawfully taken or driven it. He also contends the trial court erred in failing to give a sua sponte instruction he could not be convicted of both stealing the truck and receiving it as stolen property.

In *Jaramillo*, the Supreme Court held a defendant could not be convicted both of vehicle theft and receiving the stolen vehicle. The prosecution here,

arguing Penal Code section 654 bars dual punishment not dual conviction, fails to recognize *Jaramillo* was based not on Penal Code section 654 but on the general principle a defendant cannot be convicted of multiple crimes based on a single act. (1 Witkin & Epstein, Cal. Criminal Law (2d ed.) §§ 118, 119, 121, pp. 138, 139, 141.) If the jury's finding Black violated Vehicle Code section 10851 was based on a finding he stole the truck, the jury erred in also convicting him of receiving stolen property.

In *Jaramillo*, as here, the record did not reflect whether the jury found the defendant had stolen the truck or had merely unlawfully driven it. In *Jaramillo*, the Supreme Court reversed both convictions and remanded, stating the prosecution could seek retrial on both the Vehicle Code section 10851 count and the Penal Code section 496, subdivision 1 count, or if it chose not to, the Vehicle Code section 10851 conviction would stand. (*People v. Jaramillo, supra*, 16 Cal.3d at p. 760.)

Since the *Jaramillo* decision, for the sake of judicial economy reviewing courts faced with the problem raised here have reversed the conviction of a lesser offense and let the conviction of the greater offense stand. (E.g., *People v. Lawrence* (1980) 111 Cal.App.3d 630, 640 [169 Cal.Rptr. 245].) We follow this approach.

Black contends the trial court erred in failing to give a sua sponte instruction he could not be convicted of both stealing the vehicle and receiving the stolen vehicle. We agree. The trial court had a duty to instruct the jury on the general principles of law relevant to the issues raised by the evidence (*People v. Sedeno* (1974) 10 Cal.3d 703, 716 [112 Cal.Rptr. 1, 518 P.2d 913]). In this case appellant could not be convicted of taking and receiving the same property. Since there was no evidence here of more than one act or transaction, the trial court had a sua sponte duty to give the jury CALJIC No. 17.03 which provides: "The defendant is accused in Count ＿＿＿＿＿＿＿ of having committed the crime of ＿＿＿＿＿＿ and in Count ＿＿＿＿＿＿＿ of having committed the crime of ＿＿＿＿＿＿ . These charges are made in the alternative and in effect allege that the defendant committed an act or acts which constitute[s] either the crime of ＿＿＿＿＿＿ or the crime of ＿＿＿＿＿＿ . If you find that the defendant committed an act or acts constituting one of the charged crimes, you then must determine which of such crimes so charged was thereby committed. [¶] In order to find the defendant guilty you must all agree as to the particular crime committed, and, if you find the defendant guilty of one, you must find [him][her] not guilty of the other." However, in light of our reversal of the receiving stolen property conviction, the error is harmless.

The judgment is affirmed except for the receiving stolen property conviction which is reversed.

Work, Acting P. J., and Todd, J., concurred.