WERDEGAR, J., Concurring.
The majority concludes that the trial court’s ruling allowing the prosecution to pursue the firearm personal-use allegations against defendant Keith Tyson Thomas and to argue defendant was the actual killer was harmless beyond a reasonable doubt. (Maj. opn., ante, at p. 934.) Assuming arguendo the ruling was erroneous, I agree.
I write separately to explain that my concurrence is with the understanding that nothing in the majority’s discussion of this issue suggests the prosecutor in this case committed misconduct, either in charging defendant with personal use of a firearm or arguing he was the shooter. “[T]he prosecutor has the discretion to decide which offenses to charge. The courts do not generally supervise these ‘purely prosecutorial function[s].’ ” (People v. Ceja (2010) 49 Cal.4th 1, 7 [108 Cal.Rptr.3d 568, 229 P.3d 995]; see Hambarian v. Superior Court (2002) 27 Cal.4th 826, 840 [118 Cal.Rptr.2d 725, 44 P.3d 102] [“the prosecutor . . . has broad discretion over ... the decisions of whom to charge and what charges to bring . . .”].) “[S]o long as the prosecutor has probable *951 cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.” (Bordenkircher v. Hayes (1978) 434 U.S. 357, 364 [54 L.Ed.2d 604, 98 S.Ct. 663].)
Although arguing inconsistent theories of culpability can be prosecutorial misconduct if pursued in bad faith (In re Sakarias (2005) 35 Cal.4th 140, 159 [25 Cal.Rptr.3d 265, 106 P.3d 931]), such as when the change in theories is based on a “deliberate manipulation of the evidence” (id. at p. 156), no such bad faith is suggested here. Because the evidence suggests there was only one shooter, when Glover’s jury in his trial failed to sustain the alleged firearm use enhancement the People could fairly conclude—and argue to defendant’s jury—that defendant was the shooter.
With that minor caveat, I concur.
Corrigan, J., concurred.