Filed 6/30/15  In re L.M. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re L.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>L.M.,<br><br>　　　Defendant and Appellant. | A142441<br><br>(San Francisco City & County Super. Ct. No. JW 146121) |

Appellant L.M. appeals from a final judgment after the trial court found true allegations in a wardship petition filed by the San Francisco County District Attorney's Office pursuant to Welfare and Institutions Code section 602, subdivision (a), that appellant had committed second degree robbery (Pen. Code, § 211, 212.5, subd. (c)), and received stolen property (Pen. Code, § 496, subd. (a).)  Appellant's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal and that an independent review under *Wende* instead was being requested. Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

1

On May 7, 2014, a juvenile wardship petition was filed alleging that on May 6, 2014, appellant committed two felonies: second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)), and receiving stolen property (Pen. Code, § 496, subd. (a)).

At the June 3, 2014, contested jurisdictional hearing, the juvenile court found both counts true. As to the robbery allegation, the court found that appellant "did willfully[,] unlawfully and by means of force and fear take personal property[,] specifically a wallet, jacket, U.S. currency, *Samsung cell phone* and personal property from the person of Tony Sanchez. . . ." (Italics added.) The court also found true the petition's allegation that appellant had received stolen property within the meaning of Penal Code section 496, subdivision (a), in that he did "willfully and unlawfully, buy, sell, receive, conceal, and[/]or withhold property[,] specifically . . . a *Samsung cell phone* . . . ." (Italics added.) As a result, appellant was ordered into a residential placement through the San Francisco Human Services Agency.

As part of this court's *Wende* review, on April 27, 2015, further briefing from the parties was requested on the following issue: "Whether the juvenile court judge erred in finding true both the second degree robbery and receiving property allegations relating to the same property taken from Mr. Sanchez during the robbery. (*People v. Stephens* (1990) 218 Cal.App.3d 575, 586-587; see also *People v. Ceja* (2010) 49 Cal.4th 1, 10.)"

On May 28 and June 1, 2015, letter briefs addressing this issue were received from the Attorney General and appellant's counsel, respectively. Both counsel confirmed that because the juvenile court found that appellant had come into possession of the same property in both counts, the true finding as to the receiving stolen property allegation must be reversed. We agree, and accordingly we reverse that finding.

As to the balance of our *Wende* review, the entire record has been reviewed, including the transcript of the contested jurisdictional hearing. We conclude that, except as noted above, the jurisdictional findings were supported by the evidence. There was no error in the disposition, as it was fully supported factually, and was chosen by the juvenile court in accordance with applicable juvenile law principles. Appellant was

2

represented by counsel throughout the proceedings, and we have concluded there are no further meritorious issues to be argued or that require briefing on appeal.

## DISPOSITION

The true finding as to count two, the allegation of receiving stolen property is reversed.  The judgment is otherwise affirmed.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
RIVERA, J.

3